IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


AMY HEARNSBERGER                                                                  PLAINTIFF

vs.                                        Civil No. 4:06-cv-04113

MICHAEL J. ASTRUE[1]                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Amy Hearnsberger ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") and under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 8).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI now before this Court were protectively filed on

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

November 1, 2004. (Tr. 11, 44-46, 231-234). These applications allege on onset date of January 1, 2004. (Tr. 44, 232). In these applications and in other documents filed with the SSA, Plaintiff alleges she is disabled due to chronic degenerative spondylosis and due to pain in her back, hips, neck, and left leg. (Tr. 76, 86). At the administrative hearing on February 1, 2006, Plaintiff also stated that she was disabled due to pain in her ankles and shoulders. (Tr. 244).

Plaintiff's applications were initially denied on January 25, 2005 and were denied again on reconsideration on March 2, 2005. (Tr. 26-34, 235-238). Plaintiff requested an administrative hearing which was held *via* video on February 1, 2006 in Texarkana, Arkansas. (Tr. 239-254). Plaintiff was represented by an attorney, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Jerry Miller, an independent vocational expert, testified at this hearing. (Tr. 42-43, 239-254). At the time of this hearing, Plaintiff was twenty-eight (28) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), and had completed the twelfth grade of high school and approximately one year of college. (Tr. 242).

On August 16, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 9-17). In this opinion, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2005. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of January 1, 2004. (Tr. 13, Finding 2). The ALJ determined Plaintiff suffered from the following severe impairment: lumbar spondylosis. (Tr. 13, Finding 3). The ALJ determined that, although Plaintiff did have one severe impairment, she did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 13, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 13-16, Finding 5). In evaluating Plaintiff's subjective complaints, the ALJ determined that Plaintiff's testimony was not fully credible: "As to the claimant's allegations of pain, testimony was evaluated and compared to prior statements and other evidence. It is the conclusion of the undersigned that the pain experienced by the claimant is limiting but when compared with the total evidence, not severe enough to preclude all types of work." (Tr. 16). The ALJ primarily based this credibility determination upon his review of Plaintiff's daily activities and medical records. *See id.* The ALJ also evaluated Plaintiff's RFC and concluded that Plaintiff could perform light work, including the following: "[L]ift and or carry 20 pounds occasionally and 10 pounds frequently, stand and or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and push and pull to the limits as shown for lift and or carry." (Tr. 13-14, Finding 5).

The ALJ then concluded that Plaintiff could still perform her PRW. (Tr. 16-17, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 252-254). The VE testified that Plaintiff's PRW included work as a cashier at a gas station or convenience store (light, unskilled), fast food worker (light, unskilled), and janitor (medium, unskilled). (Tr. 253). The ALJ determined, based upon the VE's testimony and in light of Plaintiff's RFC, that Plaintiff could perform her PRW work as both a cashier and as a fast food worker. (Tr. 16-17, Finding 6). The ALJ also determined, based upon this finding, that Plaintiff had not been under a "disability," as defined by the Act, at any time from January 1, 2004 until the date of his decision or until August 16, 2006. (Tr. 17, Finding 7).

On November 14, 2006, the Appeals Council declined to review the ALJ's August 16, 2006

hearing decision. (Tr. 4-6). Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 9-10). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred in finding that Plaintiff's impairments did not meet the requirements of the Listings; (2) the ALJ erred in discounting Plaintiff's subjective complaints; (3) the ALJ erred in evaluating Plaintiff's RFC; and (4) the ALJ erred in phrasing his hypothetical to the VE. (Doc. No. 9, Pages 3-16). In response, Defendant argues that substantial evidence, including a consultative report from Dr. Roshan Sharma, supports the ALJ's RFC determination that Plaintiff can perform the full range of light work. (Doc.

5

No. 10, Pages 3-9). Defendant argues that the ALJ properly analyzed Plaintiff's subjective complaints and discounted those complaints for legally sufficient reasons. *See id.* at 9-13. Defendant argues that Plaintiff failed to satisfy her Step Four burden of establishing that her impairment prevents her from performing her PRW. *See id.* at 13-14. Defendant argues that the ALJ satisfied his duty to fully and fairly develop the record. *See id.* at 14-16. Finally, Defendant argues that Plaintiff failed to satisfy her Step Three burden of establishing that she has an impairment that meets or equals a listed impairment. *See id.* at 16-17. Because this Court finds the ALJ erred in his credibility determination or *Polaski* analysis, this Court will only address Plaintiff's second argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is

entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ essentially performed no *Polaski* analysis. (Tr. 16). Instead, the ALJ based his credibility determination almost entirely upon his review of Plaintiff's medical records, which is expressly prohibited by *Polaski*. *See id; Polaski,* 739 F.2d at 1322. The ALJ only referenced one *Polaski* factor in passing: Plaintiff's daily activities, including her ability to drive an automobile, her ability to do laundry, grocery shop, and take care of her two children.[3] (Tr. 15). The ALJ did not address the other *Polaski* factors nor provide any specific inconsistencies between her testimony and the medical evidence in the record in light of those five *Polaski* factors. *See Baker,* 159 F.3d at 1144. Instead, the ALJ merely stated, in a conclusory manner, "the pain experienced by the claimant is limiting but when compared with the total evidence, not severe enough to preclude all types of work." *Id.* Such an analysis is inadequate. *See Polaski*, 739 F.2d at 1322. Even under

---

[3] The ALJ indicates that Plaintiff's ability to take care of her two children is inconsistent with her complaints of disabling pain. (Tr. 15). Plaintiff, however, testified that she does not take care of these children alone. (Tr. 252). Plaintiff stated that her mother and her friends have significantly aided her in taking care of her two children. *See id.*

7

the most deferential standard, the ALJ is required to give several valid reasons for discounting Plaintiff's subjective complaints and is required to analyze *at least a few* of the *Polaski* factors. *See Woodruff,* 2007 WL 913854, at *1.

On remand, the ALJ should also ensure that he or she has received all of the medical records from Plaintiff's treating or examining physicians. At the administrative hearing on February 1, 2006, Plaintiff indicated that the last doctor she saw was "Dr. [INAUDIBLE]." (Tr. 251). Plaintiff testified that she had seen this doctor several months ago. *See id.* Because the name of this doctor is unclear, there is no way to determine whether the ALJ properly obtained and reviewed the medical records from this doctor in making his disability determination. The ALJ should determine which doctor or doctors treated Plaintiff most recently and request the appropriate medical records from that doctor or those doctors.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of October, 2007.**

/s/ Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge